O’Gorman, J.
This is a demurrer to the plaintiffs’ complaint on the grounds : 1. That there is a defect of parties in that other persons, associates of plaintiffs, should have been joined with them as plaintiffs. 2. That plaintiffs have not legal capacity to sue on behalf of their associates. 3. That the complaint does not state a sufficient cause of action.
*89 The material facts, as set forth by plaintiffs in their complaint and admitted by the demurrer, are briefly these : Plaintiffs are members of cigar makers’ unions which acknowledge the jurisdiction of “ The Cigar Makers’ International Union of America.” The number of members of such unions in America exceeds twenty-six thousand. The unions are voluntary unincorporated associations of practical cigar makers. They have all a common and general interest in the question which is the subject of this action, and plaintiffs bring suit on behalf of themselves and all other members of said unions who shall in due time come in in this action and contribute to its expenses. The purpose of these cigar makers’ unions is to promote the mental, moral, and physical welfare of members by assisting them to obtain labor at remunerative prices, affording them pecuniary aid in sickness, and generally to maintain a high standard of workmanship and fair wages of cigar makers. The Cigar Makers’ International Union of America is composed wholly of local cigar makers’ unions, and its members are delegates elected by said unions, and its purposes are the same as those of the cigar makers’ unions.
In 1880 these cigar makers’ unions, by their delegates in convention assembled, devised and adopted a trademark or label, to which they gave the name of “ Union Label.” This was done for the purpose of designating the manufacture of members of said cigar makers’ unions, and intended to be a guaranty that the cigars contained in the boxes to which these labels were pasted were manufactured by members of the cigar makers’ unions ; that fair wages and good workmanship had been secured, and that the cigars were not made in tenement houses or in prison ; and for these reasons cigars with such labels attached commanded a higher price in the market than cigars of similar appearance without the label, and the use of the label is the source of great profit to plaintiffs and others in whose behalf they sue. Cigar makers and the public have, ever since the adoption of that trademark, acquiesced *90 in the exclusive right to the use of it by the members of the cigar makers’ unions maintained by them.
Defendant Simon, with intent to defraud plaintiffs and impose on the public, has sold, and continues to sell,'cigars not made by the members of the said cigar makers’ unions, and packed in boxes bearing a label falsely purporting to be . issued by the cigar makers’ unions, and imitating the said label so closely as to be calculated to deceive the public and lead them to believe that the cigars so sold by him were manufactured by cigar makers’ unions, and the plaintiffs receive irreparable damage thereby.
The plaintiffs therefore pray for an injunction against the use of said label by defendant ¡.that defendant render an account of all cigars sold by him bearing the counterfeit label or trademark ; that the damages incurred by the plaintiffs be ascertained by the court.
These facts being admitted by the demurrer constitute, in my opinion, a good cause of action, and the action on behalf of the plaintiffs and their associates is well brought.
The protection of trademarks was a well recognized subject of protection in courts of equity before the distinction between actions at law and suits in equity was abolished in this State (2 Story’s Eq. J. 951, b. c).
The gist of the action is that the defendant sold as and for the manufacture of the plaintiffs, something that was not their manufacture, and that the spurious trademark was put on in order to make it more apparent that it was so (Burnett v. Phalon, 1 Abb. Ct. of App. Dec. 267; Amoskeag Mfg. Co. v. Spear, 2 Sandf. 599 ; N. Y. Cab Co. v. Mooney, 15 Abb. N. C. 152).
We have admitted in the case at bar ownership by plaintiff’s of the trademark or label as designating the cigars made by them and their associates; the general recognition of such trademark as guaranteeing that fact; the sale, imitation and use of that trademark by defendant with fraudulent intent to induce purchasers to believe that the cigars sold by him had been made by the plaintiffs, whereas *91 they had not been so made ; and irreparable damage to plantiffs therefrom.
In such a case, plaintiffs, if entitled to sue, are entitled to equitable relief and protection by way of injunction (Code Civ. Pro. 603; Thornton v. Crowley, 47 Super. Ct. (J. & S.) 527; Enoch Morgan’s Son’s Co. v. Schwachofer, 5 Abb. N. C. 265, 568).
The next question is, are they entitled to sue on their own behalf and that of others ?
The case is provided for either by section 1919 of the Code, or by sections 446 and 448. It is provided in section 448 that, “ of the parties to an action, those who are united in interest must be joined as plaintiffs or defendants, except as otherwise prescribed in this act, and where the question is one of a common or general interest of many persons; or where the persons, who might be made parties, are very numerous, and it may be impracticable to bring them all before the court, one or more may sue or defend for the benefit of all.”
It is admitted in the case at bar that the persons who might be made parties are so numerous -that it is practically impossible to bring them before the court, and that the question is one of a general and common interest to them all. But it is contended that the case is governed by section 1919 of the Code, which, in its title, specially refers to actions by or against unincorporated associations. It is provided in that section that actions may be maintained by the president or treasurer of an unincorporated association consisting of more than seven persons for any cause of action for or upon which all their associates may maintain such action by reason of ' their interest or ownership therein, either jointly or in common.
The associations here represented consist of more than seven, but it nowhere appears that they have a president or a treasurer, and even if they had, I think that the section is not meant to restrict the power granted by sections 446 *92 and 448; and that the action in its present form is well brought.
The demurrer is overruled with costs.