THEODORE HEITKAMPER, Plaintiff, *v.* MORITZ HOFF-MANN, Individually and as Treasurer of Journey-mans Bakers Union et al., Defendants.

(Supreme Court, Kings Special Term for Trials, April, 1917.)

Injunctions — when employer may refuse to employ union labor — associations — labor unions — judgments.
Associations — when unincorporated has no standing as legal entity — actions — judgments — Code Civ. Pro. § 1919.

An employer may refuse to employ union labor and stand upon his right to employ any one he chooses without assigning any reason therefor.

A bakers' union upon the refusal of plaintiff to unionize his bake shop is within its legal rights in publishing and distributing a circular calling attention to the fact that plaintiff conducted a non-union shop, soliciting its sympathizers and friends to withdraw their patronage or to refrain from patronizing plaintiff.

Where as a result of the various acts complained of plaintiff's business has been injured, his receipts have materially fallen off and he has suffered many annoyances and inconvenience, and a continuance of these acts will result in his financial disaster, he will be granted a judgment against the individual defendants, the defendant union, its officers, agents and employ-ees, restraining them and each of them from congregating in front of plaintiff's shop, from marching up and down upon the sidewalk in front of the shop, from blockading the entrance thereto and from in any way or manner preventing intending customers from entering or departing from plaintiff's shop or in any manner by threats, violence, intimidation or force interfer-ing with plaintiff's employees or those who may seek employ-ment from plaintiff.

Supreme Court, April, 1917.          [Vol. **99.**

> While an unincorporated association has no standing as a legal entity, section 1919 of the Code of Civil Procedure provides a convenient method by which such an association can sue or be sued, and each member, the agents and employees of the association are bound by the judgment rendered in an action against it.

ACTION for an injunction.

Weismann & Hertz (Henry Weismann, of counsel), for plaintiff.

Kramer, Cohn & Meyer (Max Meyer, of counsel), for defendants.

CALLAGHAN, J.   The plaintiff conducts a bake shop at the corner of Grove street and Knickerbocker avenue in the borough of Brooklyn.   It is known as an open shop, inasmuch as the plaintiff does not employ bakers who are members of the union.

Representatives of the Journeymans Bakers Union, one of the defendants here, called upon plaintiff on two occasions and urged him to unionize his shop.   He refused.   Upon such refusal one of the representatives of the union stated to plaintiff that " where there is a will there is a way."   Thereupon the union set upon a plan to force the plaintiff to comply with its demands, namely, to unionize his shop.   No complaint was made as to the sanitary condition of the shop and it appears that those employed by the plaintiff were receiving the same pay as members of the union.   Various methods were adopted to bring about the desired result.   A circular was distributed throughout the neighborhood calling attention to the fact that the plaintiff conducted a non-union shop and requesting those in the neighborhood not to patronize plaintiff and advising them where bread baked in union shops and bearing the union label could be purchased.

Members of the union accosted plaintiff's employees on the street and attempted to persuade them to leave plaintiff's employment, and on one occasion, at least, a personal altercation ensued which resulted in the arrest and conviction before a magistrate of one of the members of the union charged with disorderly conduct. But a more forceful method was adopted for the evident purpose of convincing plaintiff that his interests would best be served by unionizing his shop. The plan adopted was somewhat crude but effective to the extent of causing a loss of trade and of profits to the plaintiff. Pursuant to a direction by the union, various members were notified from time to time by the chairman of the local executive board to be present at the corner of Grove street and Knickerbocker avenue at a time specified " to conduct a label agitation." The designated place was not a regular meeting place of the union or of any committee and the " label agitation " was directed at no other than the plaintiff. The notices of this meeting were sent through the mails on a postal card and each " comrade " was advised not to " bring the postal card with you." Failure to attend would subject the comrade to a fine of twenty-five cents, presumably by the union.

From time to time various members of the union, or persons engaged by them, met on the corner of Grove street and Knickerbocker avenue, in front of plaintiff's bake shop. These meetings continued three times a week for some months. The members of the union or its employees would march up and down on the street in front of plaintiff's store. The marchers consisted of from six to ten men. They wore placards on various occasions, advising the public to purchase only bread bearing the union label; and from time to time advised people on the street not to purchase bread from Heitkamper but to go across the street and pur-

35

chase it from another baker who conducted a union shop. Frequently the marchers blocked the entrance to plaintiff's store; spit upon the sidewalk and " made faces " at those employed in the store, and on one occasion a policeman, on post regularly assigned to duty, arrested a number of the marchers. They were charged with disorderly conduct but discharged by the magistrate. After their discharge each of these persons brought an action in the Supreme Court against the plaintiff for malicious prosecution, being in each case represented by the counsel for the union.

The union in some instances paid fifty cents per day to each of the marchers for their expenses.

As a result of the various acts here complained of, the plaintiff's business has been injured, his receipts have materially fallen off, and he has suffered many annoyances and much inconvenience. A continuance of these acts will, no doubt, result in financial disaster to the plaintiff, and he asks injunctive relief as the only means of adequate protection.

It is evident that a prosecution for a crime is an inadequate deterrent for those who have set on a plan to ruin plaintiff financially, as it is exceedingly doubtful if a conviction could be obtained. It might be, however, that a criminal conspiracy could be proven against the members of the union and a prosecution had therefor, but no single act complained of is sufficient in itself to warrant a conviction. The facts here present a question peculiarly for equitable relief, because it is the combination of various acts, innocent in themselves, which, taken together, result in a serious loss to this plaintiff and in a serious impairment of his rights. It is not so much the acts which were done that constitute the offense here as the manner in which they were done. As was very aptly said by Mr. Justice Jenks, in *Mills* v. *United States Printing Co.,* 99 App.

Div. 605: "But 'picketing' may also mean the stationing of a man or men to coerce or threaten, or to intimidate or to halt or to turn aside against their will those who would go to and from the picketed place to do business, or to work, or to seek work therein, or in some other way to hamper, hinder or harass the free dispatch of business by the employer. In such a case picketing may well be said to be unlawful."

The facts in this case satisfactorily establish a conspiracy on the part of the members of the union, stimulated by its officers, to ruin the plaintiff financially, unless he submits to the demands of the union. The union's plan was to force the plaintiff by fair means, if possible, but by any means, if necessary, to recognize the union. The union had a perfect right to exercise all the legitimate means which it could command to induce the plaintiff to unionize his shop, and he had a right to resist such demands and to refuse to comply with them if he desired to conduct an open shop. Did the union go beyond the bounds prescribing their course of action? Did they exercise any force other than legitimate persuasion to induce the plaintiff to unionize his shop? If the course adopted by the union was an infringement upon plaintiff's rights then its acts should be restrained.

The respective rights of the parties to this controversy may be tersely stated as follows:

The plaintiff was justified in refusing to employ union labor and in standing upon his right to employ any one he chose without assigning any reason therefor.

The defendants were justified in reasoning with plaintiff's employees in an effort to persuade them to leave plaintiff's employ, and in striving to win the sympathy of the public in order that the latter might withhold its patronage from the plaintiff, provided,

however, that no force, fraud, intimidation, coercion or unlawful means were used to accomplish these purposes. *National Protective Association* v. *Cumming*, 170 N. Y. 315.

When the plaintiff was told by a representative of the union that " where there is a will there is a way " no deduction can be made from this statement other than that an attempt would be made by the union to ruin the plaintiff financially unless he submitted to its demands. There is nothing particularly wrong in a number of men marching on the sidewalk, but a continuance of that act, three times a week for a number of months, the interviewing upon the sidewalk of intending customers of plaintiff, the advising of them not to purchase bread from the plaintiff, and the gathering of a large number of men in front of the plaintiff's store, cannot be regarded as anything but an infringement upon the plaintiff's rights.

The union was within its legal rights in publishing and distributing the circular, soliciting its sympathizers and friends to withdraw their patronage or to refrain from patronizing the plaintiff. *Sinsheimer* v. *United Garment Workers*, 77 Hun, 215; *Foster* v. *Retail Clerks' Association*, 39 Misc. Rep. 48.

The defendant union has been sued by naming its treasurer and alleging that it is an unincorporated association consisting of seven or more members. It is composed of three or four hundred members, which are being constantly changed by death, resignation, withdrawals and new members. It was not formed for pecuniary purposes. Counsel urges therefore that the union cannot thus be sued in an action — that it is necessary to make each member a party defendant. Section 1919 of the Code of Civil Procedure does not limit an action against the president or treasurer to one where money damages is claimed. An unincorporated associa-

tion has no standing as a legal entity but the statute provides a convenient method by which such an association can sue or be sued. And each member, the agents and employees of the association are bound by the judgment rendered in such an action. *Bossert* v. *Dhuy,* 166 App. Div. 251; *Russell & Sons* v. *Stampers & Gold Leaf Local Union,* 57 Misc. Rep. 96; *Stearns* v. *Marr,* 181 N. Y. 463. The rule laid down in *McCabe* v. *Goodfellow,* 133 N. Y. 89, is not at variance with this view.

No just complaint can be made by the plaintiff against the union's circularizing the neighborhood, asking the friends of union labor not to patronize this plaintiff, nor can the plaintiff seek to restrain the union, its members or agents from peaceably persuading proposed patrons of the plaintiff from trading in his shop. The doing of those things will not be restrained. But a judgment will be entered here restraining the individual defendants named here and the defendant union, its officers, members, agents and employees from congregating in front of plaintiff's shop, from marching up and down upon the sidewalk in front of his shop, from blockading the entrance to his store and from in any way or manner preventing intending customers from entering or departing from plaintiff's shop, or in any manner by threats, violence, intimidation or force, interfering with plaintiff's employees or those who may seek employment from plaintiff.

Judgment accordingly.