JAMES T. CAVANAGH and Others, Plaintiffs, *v.* WILLIAM L. HUTCHESON, Individually and as President of United Brotherhood of Carpenters, etc., and Others, Defendants.*

Supreme Court, New York County, May 13, 1931.

*Seligsberg & Lewis,* for the plaintiffs.

*Charles Maitland Beattie* [*Jeremiah T. Mahoney, William Goldman* and *John A. Bell, Jr.,* of counsel], for the defendants.

COTILLO, J. The plaintiff has brought this action in his own behalf and in behalf of all other members and former members of Local Union 585 of the United Brotherhood of Carpenters and Joiners of America to recover damages resulting from an alleged conspiracy among the defendants which brought about the illegal revocation of the charter of Local Union 585 of the United Brotherhood of Carpenters and Joiners of America.

The gravamen of the plaintiff's claim as set out in the complaint is that the plaintiff and the parties represented by him were members

in good standing of Local 585 and the United Brotherhood; that on February 19, 1930, the defendant Hutcheson, president of the United Brotherhood, by a summary order revoked the charter of Local Union 585; that this revocation was decreed by the defendant Hutcheson at the request and instigation of the defendants Jose, Hansen, Kelse and others; and was effected pursuant to a conspiracy to deprive the plaintiff and other members of Local 585 of their rights, privileges and benefits of the membership in the United Brotherhood; that the revocation of the charter was illegal and in violation of the constitution and general laws of the United Brotherhood; that the illegal suspension deprived the plaintiff and the other members of Local 585 of their right to a union working card, the right to sick benefits and death benefits, the right to pension or admission to the Home of Aged Carpenters, the right to the property of the local and the right to hold office in the local and brotherhood; that the property of the local has been misappropriated, misused and dissipated to the extent of $20,000; that the plaintiff and the other members have been interfered with in their ability and opportunity to obtain work in their trade. He further claims general damage in the amount of $500,000.

The answer interposed by the defendant Hutcheson individually and as president of the United Brotherhood besides denying the material allegations of the complaint sets up the following four separate defenses:

(1) That a prior action was instituted in this court by the plaintiff, as president of Local 585, against the defendants, in which the complaint set up a conspiracy among the defendants demanding judgment enjoining the defendants in said action from interfering with the functioning, operation and property of Local 585 and from withholding working cards from the members of said local; that the revocation of the charter of Local 585 was illegal and in violation of the constitution and general laws of the United Brotherhood; that the prior action came on for trial and resulted in favor of the defendants, dismissing the complaint and supplemental complaint on the merits; that in the findings and conclusions of law it was found and determined that the suspension of the local and revocation of the charter was justified and legal, and that the defendant Hutcheson (the general president of the brotherhood) in suspending the local and revoking its charter acted pursuant to the provisions of the constitution and laws of the United Brotherhood and his action was in all respects legal and proper, and that there was no conspiracy by or among the United Brotherhood, the district council or the individual defendants.

(2) That in the month of November, 1929, the plaintiff was

duly and legally expelled as a member of the United Brotherhood and ceased to be a member; that the plaintiff under the constitution and laws of the United Brotherhood had a full, complete and adequate remedy by appeal to have his expulsion reviewed in accordance with the constitution and laws of the United Brotherhood, and that he failed and neglected to take any appeal and failed to exhaust his remedy within the United Brotherhood.

(3) That on the 19th day of February, 1930, the charter of Local 585 was duly and legally revoked and the members of said local were directed by lawful order to transfer their membership to other local unions in the city of New York under the jurisdiction of the United Brotherhood; that pursuant to the constitution and laws of the United Brotherhood the plaintiff and said local and the persons who were members thereof had full, complete and adequate remedy by way of appeal to the general executive board of the international convention of said United Brotherhood, and that neither the plaintiff, Local 585 or. any members have appealed from the order of revocation of said charter and that their time to do so had expired prior to the commencement of the action.

(4) That an action at law may not be maintained in the form attempted by the plaintiff in this case, a representative action being solely an equitable one.

The plaintiff has moved to strike out the four defenses for legal insufficiency. The plaintiff's attack on the first defense is directed along two lines: (1) That the plaintiff in the prior action did not bring the suit in the same capacity as in the same case at bar; (2) that the defendant Hutcheson was not a party to the prior action. I fail to see any merit in either of these contentions. He sued as president of Local 585, and any right or claim that he might have arose solely by reason of his membership in Local 585. If the local was without right or claim the individual members could have none; therefore, a judgment rendered in the prior action would be binding on him and would act as an estoppel to the prosecution of a new cause of action in his own name. The second contention falls, in view of the decision in *Bossert* v. *Dhuy* (166 App. Div. 251), holding that each member, agent and employee of an unincorporated association are bound by a judgment against the association. To the same effect are the decisions of *Heitkamper* v. *Hoffmann* (99 Misc. 543) and *Russell & Sons* v. *Stampers & G. L. L. U.* (57 id. 96). The fact that the first action was brought as president of Local 585 is of no avail on this motion to the plaintiff; the litigation exclusively related to the rights of the parties as affected by their membership in not only the local but also the brotherhood, and the action must be regarded as having been

brought in his representative capacity (*Prey* v. *Hegeman*, 98 N. Y. 351), and the judgment was binding upon him and his class.

The attack on the second defense must fail. If Cavanagh, the plaintiff, was legally expelled as alleged, and which must for the purpose of this motion be deemed to be true (*Moore* v. *Bonbright & Co.*, 202 App. Div. 281), he would have no standing to maintain an action of this character on behalf of the " class " consisting of non-expelled members, and if the other members he is attempting to represent in this action were expelled, the defense would be good as to them.

The third defense predicated on the principle that members of an association of this kind, that is, of a local unit, must exhaust their remedy within the association itself before seeking redress in the courts, is a good defense. The purpose of the law of " exhaustion of remedies " is to prevent litigation that would be endless if persons who join organizations of this character should be permitted to apply to the courts in every squabble that arose in the organization. By joining the organization, such persons contract to submit to the tribunals of the organization, and where appellate tribunals are also provided for, they must first take their appeal to that tribunal. In *Cabana* v. *Holstein-Friesian Association* (196 App. Div. 842; affd., 233 N. Y. 644) the Appellate Division reiterated the proposition that before a member of an unincorporated association can invoke the aid of the courts, he must exhaust his remedy within the organization. The court in that case stated the doctrine as follows: " It is elementary that a member of an association, like the respondent, against whom proceedings are instituted under its by-laws must first exhaust his remedies within the association before he can appeal for redress to the courts."

Judge MILLER, writing for the court in *La Fond* v. *Deems* (81 N. Y. 507), said: " Courts should not, as a general rule, interfere with the contentions and quarrels of voluntary associations."

Under the decisions above mentioned and numerous others, that part of the motion addressed to the third defense must be denied.

In taking up the fourth defense, a novel proposition has arisen for which it is difficult to find a precedent in the courts of this State. It attacks the legal capacity of the plaintiff to institute an action on behalf of his associates in the form which he has attempted. Plaintiff relies upon section 195 of the Civil Practice Act, which provides as follows: " Suing for the benefit of others. Where the question is one of a common or general interest of many persons or where the persons who might be made parties are very numerous and it may be impractical to bring them all before the court, one or more may sue or defend for the benefit of all."

I think it would be going far afield indeeed to hold that actions sounding in tort can be brought within this section. The section is one evidently which authorizes a representative action to be brought, such as a stockholder's action or an action for the benefit of creditors, or an action by a representative of a beneficiary of a trust fund. (*Irish Free State* v. *Guaranty Safe Deposit Co.*, 126 Misc. 269.) I do not believe this remedy can be extended to an action similar to the present one.

Section 195 of the Civil Practice Act is derived from section 448 of the Code of Civil Procedure. Section 448 of the Code of Civil Procedure appears for the first time in the Code of 1849 (Laws of 1849, chap. 438), section 119, which reads as follows: " Of the parties to the action, those who are united in interest must be joined as plaintiffs or defendants * * * and when the question is one of a common or general interest of many persons, or when the parties are very numerous and it may be impracticable to bring them all before the court, one or more may sue or defend for the benefit of the whole." It was evidently placed in the Code to provide a means to avoid multiplicity of suits and to permit the courts if possible to make a determination of all the rights and liabilities of a class in one suit.

In 1887, Judge O'GORMAN, sitting in Special Term of the New York Superior Court, held in *Bloete* v. *Simon* (19 Abb. N. C. 88), that under section 448 of the Code of Civil Procedure, where the question involved one of common or general interest to many persons, one may sue and be entitled to equitable relief and protection; but no case seems to hold that in an action such as the present one, an action merely for damages for a fraudulent conspiracy can be sustained.

In *Guffanti* v. *National Surety Co.* (196 N. Y. 452) Judge CHASE, writing for the Court of Appeals, defines the type of action permitted by this section: " We have in the case under consideration not only a multiplicity of suits which may be brought against the same defendant, but they all grow out of the same contract and there *is* a limited fund out of which the agreed recovery must be sought." The mere fact that permitting the plaintiff to institute this action might do away with a multiplicity of law suits is not sufficient to warrant this form of action. There must be not only the prevention of multiplicity of law suits, but the claims of the plaintiff, or the persons whom the plaintiff claims to represent, must all arise out of the same contract and there must be a limited fund out of which the agreed recovery is sought.

In the case at bar, although the plaintiff shows the possibility of multiplicity of suits and the involvement of a question of common

or general interest, he has utterly failed to show a limited fund out of which the recovery is sought. The action is based on an alleged fraudulent conspiracy on the part of the defendants in the revocation of the charter of Local 585. The damages alleged are tort damages; there is no common or general rule of damages that could be determined to suit the exigencies of the case. There is no common factor by which an assessment of damages could be given to a jury to consider. Instead of aiding this court in avoiding a multiplicity of suits it probably would increase such possibility.

The case of *Akely* v. *Kinnicutt* (208 App. Div. 487; affd., 238 N. Y. 466) is clearly distinguishable. There, 193 plaintiffs, investors in a corporation, each alleging a separate cause of action, sued the underwriters for misrepresentation in inducing them to purchase stock. The court held that the claims of the plaintiffs could be joined in one action, since they involved common questions of law and fact and the claims arose out of the same transaction. But there the plaintiffs were all individually before the court, and the measure of damages to each could be separately determined. Here no such situation exists. The aggregate damage to the plaintiffs cannot be determined, without fixing the damage to each plaintiff, and as the plaintiffs are not all before the court, it is impossible to fix the damages severally accruing, and an award of damages in gross does not seem to be proper.

The plaintiff in testing the sufficiency of the affirmative defenses under rule 109 of the Rules of Civil Practice has opened to attack the sufficiency of his complaint. A motion of this kind searches the record and necessarily involves the sufficiency of the complaint. (*Baxter* v. *McDonnell*, 154 N. Y. 432; 155 id. 83; *Title Guarantee & Trust Co.* v. *City of New York,* 205 id. 496; *Manson* v. *Curtis*, 223 id. 313.) The defendant has made no cross-motion to dismiss the complaint but the decision of the court in holding the fourth defense to be good in law necessarily implies that the complaint in this action is bad. The court will, therefore, deem the motion as made under rule 112. (*Goodier* v. *National Surety Co.*, 125 Misc. 65; *Rotenbach* v. *Young*, 119 id. 267; affd., 206 App. Div. 775.) The motion to strike out the defenses is denied and the complaint dismissed.