■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. BERNARD GRAVES, Appellant.— Order unanimously affirmed. No opinion. Concur — Peck, P. J., Breitel, Rabin, Cox and Bergan, JJ.

■ In the Matter of DAVID M. PALLEY et al., Appellants, against TEMPORARY STATE HOUSING RENT COMMISSION, Respondent, and PEASE & ELLIMAN, INC., Intervenor-Respondent.— Orders unanimously affirmed, with $20 costs and disbursements to the respondents. No opinion. Concur — Peck, P. J., Breitel, Rabin, Frank and Bergan, JJ.

■ ARISTA OIL PRODUCTS CORP., Appellant, v. DUTCH AMERICAN MERCANTILE CORPORATION, Respondent.— Plaintiff appeals from that part of Special Term's order which denied its motion to dismiss the separate defenses. We do not pass upon those defenses inasmuch as plaintiff's own pleading, if insufficient, as it appears to be, would require a dismissal of its complaint (*Cavanagh* v. *Hutcheson*, 140 Misc. 178, affd. 236 App. Div. 794; *Baxter* v. *McDonnell*, 154 N. Y. 432). The complaint does not allege that defendant failed to deliver the kroner. The conclusory allegation that it failed to deliver "in accordance with its agreement" may be taken to mean that the kroner were in fact delivered but that the delivery did not comply with the terms of the contract. However, no facts are pleaded to support such a claim. The complaint is clearly insufficient and on the motion addressed to the defenses should therefore have been dismissed. It is appropriate to note, however, in the interest of saving further pleading motions and appeals, that the defenses are not pleaded with sufficient supporting facts. Order, so far as appealed from, unanimously modified so as to dismiss the complaint with leave to plead over and, as so modified, affirmed, without costs. Settle order on notice. Concur — Peck, P. J., Breitel, Rabin, Frank and Bergan, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LESLIE COBB, Appellant.— Judgment reversed, the fine remitted and a new trial ordered. Defendant's plea here should not be taken as a plea of "Guilty". The application to withdraw the plea and plead "Not Guilty" should have been granted. Peck, P. J., Rabin and Bergan, JJ., concur; Breitel and Frank, JJ., dissent and vote to affirm on the ground that the record shows there was a sufficient plea of "Guilty", for the defendant clearly indicated that he pleaded guilty to all but one of the specifications under the statute with which he was charged with violation.

■ NATALIE M. ROSENSTEIN, Appellant, v. SYLVAN ROSENSTEIN, Respondent.— At the close of wife's proof in this action for a separation, the court dismissed the complaint. The action is based on a claim of cruelty and on a course of conduct rendering cohabitation unsafe. We are of the opinion that at the end of her proof, plaintiff had made out a prima facie case for a judicial separation. It may well be that when the litigation is examined on full presentation of the controversy from the husband's side as well as the wife's, the charges which the wife makes against the husband will be found unwarranted. But as the case stood at the close of plaintiff's presentation, the complaint should have survived defendant's motion to dismiss. Judgment, so far as appealed from, unanimously reversed and a new trial ordered, with costs to the appellant to abide the event. Concur — Peck, P. J., Breitel, Rabin, Frank and Bergan, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSEPH P. KEOGH, Appellant.— Order unanimously affirmed. No opinion. Concur — Peck, P. J., Breitel, Rabin, Frank and Bergan, JJ.

■ In the Matter of 420 EAST 63RD STREET CORPORATION, Appellant-Respondent, against TAX COMMISSION OF THE CITY OF NEW YORK, Respondent-