Lawrence, J.
The plaintiff is a corporation organized under the laws of the State of New York, for the purpose of carrying on the business of transporting passengers for hire, and the transportation of baggage and other packages from one point to another by the vehicles of the company.
It is alleged in the complaint that upon its organization the plaintiff proceeded to provide for the public of the city of New York means of transportation for passengers from one part of said city to another, by certain vehicles commonly known as one-horse coupes or cabs, at a much cheaper rate than such transportation could at that time be secured, and with this end in view, it caused to be procured or built for this purpose certain one-horse vehicles of the kind above referred to, and caused the same to be thoroughly well equipped in every respect, and with a view to distinguish its said cabs or vehicles from other cabs and vehicles plying for hire in the streets of said city, it caused them one and all to be painted in a novel and peculiar manner, that is, it caused the said cabs to be painted a bright yellow color as to the lower panels thereof, and upon the upper panels thereof, on each side, in order further to distinguish its said cabs from other cabs, it caused to be painted thereon its trademark, then and there adopted for the purpose. That the plaintiff’s said trade-mark so painted upon its said cabs may be briefly described as being a crown or coronet with three feathers issuing out of the same, encircled by a garter or band of gold, bearing the name of the company, as follows: “New York Cab Co., limited, ” together with the said yellow body above referred to.
It is alleged by the plaintiff that said cabs so painted and marked, present a very conspicuous appear *154 anee, extremely striking and novel, and wholly dissimilar from any other coupe, cab or coach which had theretofore been plying for hire in the streets of said city aforesaid. That said cabs being so painted and distinguished could not possibly be mistaken by any person seeing them for the cab or vehicle belonging to any other person then operated for hire in the streets of New York. Also, that the plaintiff has used the said emblem or label above described, together with the lower yellow body of its said cabs as its trade-mark and has offered and still offers its said cabs for hire under the said trade-mark as aforesaid, and that the same has become well known to the public at large, and that said cabs have been extensively ordered and hired by the public, relying upon the said trade-mark, and have been and are in great demand, by reason of the low rates established by the said plaintiff in transporting its passengers.
It is further averred, that, notwithstanding the use and enjoyment by the plaintiff of-its said trade-mark, the defendant, well knowing the premises', but willfully disregarding the plaintiff’s rights, wrongfully appropriated and applied its said trade-mark to his own use, and has so painted and repaired the cabs owned and operated by him and his agents and servants, that they are almost identical in appearance, and are nearly an exact imitation of the plaintiff’s said cabs, including the said trade-mark, all of which is without the plaintiff’s consent, and has been and is being done with intent to defraud and injure the plaintiff and to deceive the public, and obtain for himself, said defendant, the benefits and advantages of the use of the said trademark, and the established reputation of the plaintiffs said cabs under the same.
It is further alleged that the defendant has painted the lower parts of his cabs, in the identical and exact shade of yellow with which the said cabs of the plaint *155 iff are painted, and has also painted in exactly the same color and shade the gilded band or garter, and has also painted thereon in large and conspicuous black letters, similar to those used by the plaintiff, the words “New York Cab,” omitting only the words “ Co.,” and has also added the additional letters “Ld.,” which is, or may readily be understood as being an abbreviation of the word “ Limited.” That, within the circle is a certain device which, when taken in connection with the said yellow body, and the said band or garter, presents almost a complete and perfect copy of the plaintiff’s said trade-mark and is not to be distinguished therefrom, except upon minute examination.
Also that the only difference between the trademark of the said plaintiff, and the copy of the same used by the defendant is, that the word “Co.” is omitted from the band or garter on the defendant’s cabs, and in the abbreviation of the word “ Limited,” and in the device painted in the circle on the defendant’s cabs in place of the crown and feathers in the plaintiff’s trade-mark as aforesaid. That unless a very close and minute examination is made, it is almost impossible to observe any difference between the cabs of the defendant and those owned by the plaintiff, and that it is not possible to distinguish between the cabs of the defendant and the plaintiff’s cabs when seen together, except in the omission of the word “Co.” and the abbreviation of the word “ Limited,” and the substitution of the said device' for said crown and feathers, so close is the resemblance between them. That if the cabs of the defendant are seen from a distance they cannot fail to be mistaken for one of plaintiff’s cabs.
It is further alleged in substance by the plaintiff, that the motive of the defendant has been to deceive the public, and to lead them to hire his cabs in the *156 belief that they were the genuine cabs of the plaintiff.
The complaint of the plaintiff is supported by various affidavits, which affidavits also tend to show, that in certain instances the defendant has so acted as to induce parties to believe that his cabs either belonged to the plaintiff, or that the prices charged by the defendant were the same as those charged by the plaintiff.
The defendant denies, in the affidavits read in opposition to the motion, that he ever, at any time, claimed to be connected with or to represent the plaintiff, or that he was in anywise connected with said company. He denies that his cab is an imitation of the cabs or coupes of the plaintiff, or so close in appearance as easily to deceive the unwary, or that it will, in fact, deceive any one, unless a close examination or investigation is made by one familiar with the trade-mark claimed by the plaintiff.
He alleges that each and every cab of the plaintiff has an iron railing on the roof ; that the girdle, garter or band referred to in the complaint and affidavit of the plaintiff has been used as an ornament upon cabs, coupes and carriages both public and private, in the City of New York, long before the incorporation of the plaintiff; that said device, either alone or in combination with others, has been used by the National Express Company, the New York Bottling Company, Stern Brothers, and many other firms in the City of New York, and by many public hackmen, either alone or in combination with their initial, for. many years. In addition to his own affidavits, the defendant presents several affidavits from other parties which are designed to establish that there is no such similarity between the coupes of the plaintiff and those of the defendant as is likely to deceive the general public, and a.so to show that a garter or band in bronze or *157 gold similar to that claimed by the plaintiff as part of its trade-mark, has been used by other parties before the organization of the plaintiff. The defendant also alleges in his own affidavit, that the coronet or crown and three feathers mentioned in the plaintiff’s complaint as being a part of its trade-mark, have for many years been used on the cabs of Ryerson & Brown, liverymen and proprietors of public hacks offered for hire and conveyance about and through the streets of the City of New York.
It appears by the rebutting affidavits that the plaintiff has acquired by assignment all the right, title and interest held by said Ryerson and Brown in and to the said trade-mark, and is now the legal holder and owner thereof.
My examination of the affidavits in this case leads me to the conclusion that the cabs of the defendant are painted and lettered as they are with the intent to create the impression in the public mind that such cabs belong to the plaintiff. The preponderance of the evidence is, I think, most strongly with the plaintiff upon this point. It is true that there are affidavits made by third parties, in behalf of the defendant, to the effect that his cabs are easily distinguishable from those of the plaintiff, but that assertion does not seem to be substantiated by facts. It is an expression of opinion, and does not, to my mind, overcome the direct and positive testimony presented by the plaintiff, showing that the imitation of the coloring, name and device of the plaintiff’s cabs by the defendant, not only is calculated to mislead the public, but has in some instances misled those desirous of hiring or using plaintiff’s cabs. The allegation of the defendant that other parties have used the precise device adopted by the plaintiff, is, I think, more than overcome by the rebutting affidavits of the plaintiff. Among those affidavits is one from Mr. Stern, of Stern Brothers, who *158 are stated in the defendant’s affidavit to have used the device adopted by the plaintiff, either alone or in combination with others, showing that the band or garter and the lettering thereon, and the device in the centre of the same, as used on the plaintiff’s cabs, are wholly dissimilar from those used upon the wagons of the firm of Stern Brothers.
The true doctrine in cases of this character is, I think, that no one should be permitted to so dress his goods or wares as to enable him to induce purchasers to believe that they are the goods of another. See Edleston v. Vick, 28 Eng. L. Eg. 51, 53 ; Williams v. Spence, 25 How. Pr. 366, 367; Lea v.Wolf, 13 Abb. Pr. N. S. 389, 391; Kinney v. Basch, 16 Am. Law Reg. N. S. 597 ; Abbot v. Bakers and Confectioners’ Tea Asso., 7 Weekly Notes, 31; 6 Id. 207 ; Enoch Morgan’s Sons Co. v. Schwachofer, 5 Abb. N. C. 265.
In the case of Amoskeag Mg. Co. v. Spear, 2 Sandf. 599, 606, Judge Dueb says: “It is evident, however, that in order to convey a false impression to the mind of the public as to the true origin or manufacture of goods, it is not necessary that the im: itation of an original trade-mark shall be exact or perfect. It may be limited and partial. It may embrace variations that a comparison with the original would instantly disclose, yet a resemblance may still exist that was designed to mislead the public, and the effect intended may have been produced, nor could it be doubted that wherever this design is apparent a,fid this effect has followed, an injunction may rightfully be issued, and ought to be issued.”
It seems to me that the doctrine stated by the learned justice is peculiarly applicable to this case. As I have already observed, my examination of the affidavits convinces me that the defendant’s design is to induce the public to believe that- his cab is the propr erty of the plaintiff, and that the device which he has *159 adopted and the color to which he has resorted, were adopted and resorted to for the purpose of misleading the public in that respect. By this I do not mean to say that the plaintiff is entitled to any exclusive property in color or in words, but I am clearly of the opinion that it has so far established a trade-mark in the words and colors, and device, as they are combined and used upon its cabs, as to entitle it to call upon a court of equity for protection against imitations designed to mislead the public and to deprive the plaintiff of its profits.
It is hardly necessary to refer to many of the cases which I have examined in reaching this result, but a reference to a few of them may not be out of place.
In the case of Devlin v. Devlin (69 N. Y. 212), an action was brought by the plaintiff, who composed the firm of Devlin & Co., against the defendant, to restrain him from using their firm name, and from displaying upon signs, &c., such firm name, and confining him to the use of his own proper Christian and surname conjoined, without devices that might tend to mislead or induce the public to believe or suppose that his store, or the goods, wares and merchandise, sold or offered for sale by him, were, or are, the store, goods, wares and merchandise of Devlin & Co. The injunction was granted and sustained.
In Knott v. Morgan (2 Keen, 213), the plaintiffs were proprietors of the London Conveyance Company, which ran omnibuses between Paddington and the Bank. The defendant began to run between the same places an omnibus on which were the words “ Conveyance Company ” and “London Conveyance Company,” in such characters and parts of the omnibus as exactly to resemble the same words on the omnibus of the plaintiffs. A star and garter were in like manner simulated, and the green livery and gold hat bands, by which plaintiffs distinguished the coachmen of their omni *160 buses, were also imitated by the defendant. The plaintiffs served a notice on the defendant, intimating that an injunction would be applied for, and after such notice the defendant obliterated from the back of his omnibus the word “Company” and painted on each side of his omnibus, over the words “Conveyance Company” the word “Original,” and between the words “Conveyance” and “Company” the word “for” in very small and almost invisible characters. The Master of the Rolls held that the defendant intended to induce the public to believe that his omnibuses were those of the plaintiffs. That it was not to be said that the plaintiffs had any exclusive right to the words “Conveyance Company,” or “London Conveyance Company,” or any other words ; but that plaintiffs had a right to call upon the court to restrain the defendant from fraudulently using precisely the same words and devices which they had taken, for the purpose of distinguishing their property, and thereby depriving them of their profits of their business by attracting custom on the false representations that carriages, really the defendants, belonged to the plaintiff. The defendant was enjoined from using on his omnibus the words “LondonConveyance,” or “ Original Conveyance” for “ Company,” or any other names painted thereon in such a manner as to be a colorable imitation of the words, devices, &c. on the plaintiffs’ omnibuses.
In Cook v. Starkweather (13 Abb. Pr. N. S. 392) it was held, that when a peculiar device is applied to a box or barrel, specially prepared to display it, the special preparation of the box or barrel constitutes a part of the trade-mark, and may participate in its protection. In that case the barrel of the plaintiff had a red rim upon the head and a glazed surface on the head, with the letters A.A.A. and a Maltese cross, and the defendants were enjoined from using a sirni *161 larly prepared head with the letters X.X.X. and crown. See, also, Selchow v. Baker, 93 N. Y. 59; Hier v. Abrahams, 82 N. Y. 519 ; Newman v. Alvord, 51 N. Y 189 ; Congress Spring, &c. Co. v. High Rock Spring &c. Co., 45 N. Y. 291.
For these reasons I am of the opinion that the injunction prayed for by the plaintiff should be granted, with costs of motion. The order will be settled on two days’ notice.