HARPER et al. v. RANOUS.

(Circuit Court, S. D. New York. May 7, 1895.)

**1. COPYRIGHT—INFRINGEMENT—DRAMATIZED NOVEL.**

Under the act of March 3, 1891, amending Rev. St. § 4952, so as to give to authors or their assigns the exclusive right to dramatize and translate their copyrighted works, the owner of the copyright of a novel is entitled

to an injunction against the public production of a play or drama which presents characters, plot, incidents, dramatic situations, and dialogues appropriated from the novel.

**2.** SAME—NAME OF NOVEL.

The owner of the copyright of the novel "Trilby" is not entitled to protection against the use of that name in connection with a dramatic composition which does not present any scenes, plot, or dialogue imitated or adapted from the novel; for it is the name in connection with the novel, and not the name alone, which the copyright protects.

This was a suit by John W. Harper and others against William V. Ranous for infringement of the copyright of the novel "Trilby." Complainants moved for a preliminary injunction.

A. J. Dittenhoefer and George L. Rives, for complainants.
John J. Thomasson, for defendant.

LACOMBE, Circuit Judge. The act of March 3, 1891 (26 Stat. 1106), amends section 4952 of the United States Revised Statues so that it now contains this provision: "Authors or their assigns shall have the exclusive right to dramatize and translate all of their works for which copyright shall have been obtained under the laws of the United States." Complainants' title to the copyright of the novel "Trilby," as set forth in the bill, is not seriously disputed; and the affidavits show quite plainly that defendant's drama or play called "Trilby" presents characters, plot, incidents, dramatic situations, and dialogue appropriated from the novel thus copyrighted. Complainants may take an injunction pendente lite restraining the defendant, his agents and servants, from producing or publicly performing any play or drama presenting the scenes, incidents, plot, or dialogue of the said novel, "Trilby," or any substantial part thereof, or any simulated or colorable imitation or adaptation thereof. The application, however, for an injunction against the mere use of the name "Trilby" as the title of any dramatic composition which does not present such scenes, incidents, plot, or dialogue, or simulated or colorable imitation or adaptation thereof, is denied. It is the name in connection with the novel, not the name alone, which the copyright law protects.