YELLOW CAB CORPORATION OF ROCHESTER, N. Y., Plaintiff, *v.* MORRIS KORPECK and Others, Defendants.

Supreme Court, Monroe Special Term, February (Received April, 1923).

Injunctions — unfair competition — imitation of plaintiff's taxicabs in color and design.

Where after the plaintiff corporation by the use of a characteristic color scheme and dress for its taxicabs had built up a successful business and popularized the name "Yellow Cabs" the use by defendant of that or any color scheme and dress approximating it which would be calculated to mislead the public and divert trade from plaintiff will be restrained by an injunction *pendente lite.*

MOTION for temporary injunction.

*Sutherland & Dwyer,* for plaintiff.

*John J. McInerney,* for defendants Korpeck and others.

*Harlan W. Rippey,* for defendants Keefe and others.

*John F. Kinney,* for defendant Reigle.

*James S. Bryan,* for defendant Alexander.

RODENBECK, J. All of the defendants' yellow cabs appeared upon the streets of the city after the plaintiff popularized the use of that style of cab. The defendants' cabs complained of are all substantially of the same color scheme and dress as the plaintiff's yellow cabs. Cabs painted yellow or striped yellow or otherwise having yellow in their makeup may have appeared on the streets of the city many years ago but none of them had the distinctive color scheme and dress of plaintiff's cabs. The complaint in this action is not that yellow is used by the defendants on their cabs but that it is used in such a combination with black as to constitute an imitation and simulation of plaintiff's cabs after plaintiff had established a trade and good will based upon its distinctive color scheme and dress which is entitled to protection.

The color scheme and dress of the defendants' yellow cabs is designed and calculated to deceive the public. If the methods practiced by the defendants could be legally justified the city could be overrun with similar yellow taxis under separate individual management and there would be no sufficient protection against incompetence, excessive rates, financial irresponsibility and possible willful misconduct. The result of a multitude of similarly colored cars under separate individual management is particularly hazardous in the case of women and children and unprotected patrons. If a prospective patron desires to employ one of plaintiff's yellow cabs because of the financial responsibility of the company for accidents, assurance against overcharges, competency of the driver or for

Supreme Court, March, 1923.    [Vol. 120

any other reason, he is entitled to protection against being misled into taking a yellow cab masquerading as one of plaintiff's cabs. In addition to the public risks, defendants' practices infringe upon the legal rights of the plaintiff which has with large outlays and business acumen built up a profitable patronage and good will with the confidence of the public of which the defendants seek to take an unfair and unlawful advantage by adopting names such as "Yellow" similar to the name of plaintiff's cabs and a color scheme and dress which is not distinguishable from plaintiff's by ordinary observation.

The Checker Cab Brokerage Company as a corporation has no right to use any name but its own (11 Reports Atty.-Gen. [1912] vol. II, p. 109), and any use of the name "Yellow Taxicab Company" or the yellow color scheme was abandoned before the plaintiff came into the field. Prevost, who filed "Yellow Taxicab Co." as an assumed name in 1916, has filed eleven assumed names since then, including "Black & White Taxi Co.," all of which he would have a monopoly of if defendants' contention in this case is sound. If the use of suitable names could be cornered in this way, so could color schemes and dress by the use of a car or two for a day or two. The use of the name "Yellow Taxicab Co." and any use of cars with a body and cowl of a lemon yellow or other color scheme and dress approximating that of plaintiff's was abandoned by the adoption of other names and other color schemes. It is too late to urge a desultory and temporary use in 1916 or 1917 of yellow in the color of cabs such as the facts in this case show, after the plaintiff in 1921 began the expenditure of its money and built up a successful business with a distinctive trade-marked color scheme and dress for its cabs which the defendants obviously seek to prey upon and take advantage of by subterfuge and deception. *Symonds* v. *Greene*, 28 Fed. Rep. 834. The fact that some of the defendants chose a name and all of them a style of painting similar to plaintiff's cabs from the long list of names and the numerous styles available and after plaintiff had popularized the color scheme and dress of its cabs, is its own commentary. If the defense of prior use is available to the defendants it is also a weapon of attack to restrain the operation of plaintiff's cabs. The legal rights and greater equities are on the side of the plaintiff.

This ruling does not create a monopoly in plaintiff. The field for honest competition in taxi service is open to the defendants. Let them adopt and use an available assumed name that does not interfere with plaintiff's rights and a color scheme and dress for their cars which does not give them the appearance of imitating, simulating and impersonating plaintiff's cabs and they will be

protected in any rights thus lawfully acquired as the plaintiff is now protected.

The views herein expressed will protect the public, preserve the right of the plaintiff and prepare the way for a consistent, systematic and orderly policy in the use of the streets of the city by taxicabs and is abundantly supported by decisions where similar questions have been raised. *White Studio* v. *Dreyfoos*, 221 N. Y. 46; *Ball* v. *Broadway Bazaar*, 194 id. 429, 435; *New York Cab Co.* v. *Mooney*, 15 Abb. N. C. 152 (1884); *Black & White Town Taxis, Inc.*, v. *Minezelez*, 186 App. Div. 950; *Black & White Town Taxis, Inc.*, v. *Aronson*, 184 id. 894; *Taxi & Yellow Taxi Operating Co.* v. *Martin*, 91 N. J. Eq. 233. The case of *American Yellow Taxi Operators, Inc.*, v. *Diamond*, 202 App. Div. 490, is readily distinguishable from the case at bar.

The injunction, effective ten days after service of an order in accordance herewith, covers the cabs of each defendant described in the complaints and the use of the color scheme and dress on plaintiff's cabs and any color scheme and dress approximating it which would be calculated to mislead the public, and the use of the name "Yellow Cab Corporation," "Yellow Cab Company," "Yellow Taxicab Company" and any other similar name not authorized by law.

Ordered accordingly.