The Bayuk company built its reputation on its "Philadelphia" Hand Made cigar. It spent millions in putting the brand on the market and its clientele among the slaves to the weed is extensive. To them, to pharaphrase, "the brand is a smoke;" it touches the indefinable. Smokers understand.
The defendant is, and for many years has been, a jobber in cheap cigars, having them made and packed by different manufacturers and labeled under various trade names assumed by him from time to time, the latest being "Philadelphia Seal" Hand Made cigar. This label, on cigar boxes and cigar bands, in package, was designed to resemble the label on the complainant's boxes of cigars and to mislead consumers. Juxtaposed, the knowing and careful buyer would have no difficulty in distinguishing the packages, for at the top of the respective labels is "Bayuk" and "Sidsons." Separated, the imitation is not apparent to the casual and unwary, who, after smoking the defendant's inferior brand, lays his disappointment *Page 167 
to decadence of his favorite cigar and the complainant loses caste and its trade a customer; so is the history.
The defendant planned the raid on the complainant's trade in 1930. The word "Philadelphia" being the symbol of the complainant's trade-mark and the cigars being commonly known as "Phillies," the defendant's first step was to search for a cigar trade-mark bearing the word "Philadelphia" to serve as a decoy as well as a shield. Sidney J. Freeman Son, New York cigar brokers, owned a number, among them "Philadelphia Seal," which, on labels used by them, bore not the slightest resemblance to that of the complainant's. The defendant purchased the right to the exclusive use of the trade-mark for a period of five years and forthwith transformed the label into a garb with most of the raiments of the complainant's label, giving "Philadelphia" the prominence in form and location like the complainant's, adding "Sidson" at the top and "Hand Made" beneath "Philadelphia Seal." The defendant's cigars are not made in Philadelphia, they are not hand made and "Philadelphia" was selected solely with the ulterior purpose, later accomplished, of exploiting the complainant's business.
The defendant is frank enough with his trade — the dealers, pointing out to them that his brand is Sidson's Philadelphia Seal Hand Made cigars, but with a cunning reserve that they have it in their power to palm off his cigars to the consumers as the complainant's goods, and with knowledge, that it is being done. The incentive to the unscrupulous dealers is the price of $35 per thousand cigars which they retail to the public at ten cents apiece, as against the complainant's cigar for which they must pay $75 per thousand. The trick is turned by the defendant packing a five-cent cigar in a ten-cent marked box resembling the complainant's package even to the location of the complainant's ten-cent price legend on the upper left-hand corner of the label. The smoker is fooled. To further the means of deception, the defendant overpays the government tax, paying tax on a ten-cent cigar instead of the five-cent cigar revenue and he certifies the false tax in burnt *Page 168 
letters on the box, as required by federal regulations, in imitation of the complainant's package and, of course, to keep out of the toils of the revenue department. That his cigar is of the five-cent variety is not disputed.
Not only are the established circumstances convincing of fraudulent purpose, but there is incrimination in the defendant's boast to some of his dealers, that Bayuk had offered him $50,000 to quit.
The case made against the defendant is one of intentional imitation to deceive the consumer, thereby to profit at the expense of the complainant and in circumstances where a name or a label is adopted as a means of poaching upon the business of another, the use of the name or label will be enjoined. Our court of errors and appeals has laid down the rule of law inInternational Silver Co. v. Wm. H. Rogers Corp.,67 N.J. Eq. 646.
The defendant's argument that he should not be enjoined because his label bears the name "Sidson" over the more conspicuous name "Philadelphia" as prominently as the name "Bayuk" in the same position on the complainant's label, is answered in the case cited, quoting Mr. Justice Bradley, in Celluloid ManufacturingCo. v. Cellonite Manufacturing Co., 32 Fed. Rep. 94.
"Similarity, not identity is the usual recourse where one party seeks to benefit himself by the good name of another." The imposed-upon should not suffer from the buyer's lack of nice discrimination. And it is also answered in the quotation fromBaker v. Baker, 115 Fed. Rep. 297, 307, "if the name had been selected unnecessarily or for the purpose of illegitimate competition with the complainant, we should not hesitate to enjoin its use * * *."
The contention, that other cigar manufacturers and jobbers use the name "Philadelphia" as part of their trade-marks and that the complainant has not an exclusive right to it, is met by the fact that the others are not simulating the complainant's label and it is also answered by the quotation in the cited case from ClarkThread Co. v. Armitage, 74 Fed. Rep. 936. "It does not follow, however, because the complainant is not exclusively entitled to use the words `Clark's Spool *Page 169 
Cotton,' that therefore it cannot rightfully enjoin a person who is fraudulently making use of its label. The litigation in regard to the Rogers trade-mark * * * showed that three distinct corporations were entitled to use the name `Rogers' upon their goods, but it never was supposed by a court that either injured owner had not a right to suppress the use of the trade name by a fraudulent competitor, or that it was an adequate defense that there were other owners whose use was not fraudulent."
The complainant has turned to machine made cigars. It also makes hand made cigars. The labels are the same except on the former "Hand Made" is omitted and "Phillies" in small type is superimposed in the center of "Philadelphia." The picture is maintained to carry the attention of the complainant's customer. The minor changes furnish no objection to the right to relief.
The defendant will be enjoined from the use of the word "Philadelphia" on his label. *Page 170