## PATTEN v. SUPERIOR TALKING PICTURES, Inc.

District Court, S. D. New York.
July 23, 1934.

Howard A. Newman, of New York City, for plaintiff.

Harry G. Kosch, of New York City (Harry G. Kosch and Edmund Souhami, both of New York City, of counsel), for defendant.

COXE, District Judge.

This is a suit to restrain the distribution or exhibition of motion pictures using in the title the name "Frank Merriwell"; and the present motion is for a preliminary injunction pending the trial of the action.

The plaintiff is the author of 1,236 stories, known as the "Frank Merriwell Stories," published during a number of years, commencing in 1896, under the pen name "Burt L. Standish." All of these stories have the names "Frank Merriwell" or "Merriwell" in the title, and are covered by existing copyrights, which are either held or controlled by the plaintiff. They revolve around a central character called "Frank Merriwell," and portray his adventures during school and college days, and after graduation. They were clean, wholesome stories of American life, and had a tremendous appeal during the years preceding the World War. Indeed, they were so widely read that "Frank Merriwell" became a real and impressive figure in the imagination of the boys of the time, and the influence of his name and exploits extended to all parts of the country. Moreover, the stories were always associated in the public mind with the work of Burt L. Standish, the present plaintiff.

The defendant is a distributor of motion picture films, and on April 11, 1934, publicly advertised the early release of a series of 12 three-reel featurettes of the Northwest Mounted Police, entitled "Frank Merriwell, Flash (The Talking Horse), and Captain (King of Dogs)." These pictures have as characters an actor called "Frank Merriwell," a horse named "Flash," and a dog known as "Captain"; but it is not seriously contended that they are similar in theme, design, or plot to any of the plaintiff's stories.

The question, therefore, is whether the defendant is entitled to use in the distribution or exhibition of its pictures a name which has been popularized by the plaintiff in connection with his stories, and which has come to be identified in the public mind with his work; and on that issue the defendant insists (1) that the plaintiff's copyrights do not extend to the titles, and (2) that the stories and the motion pictures are not in competition

The first "Frank Merriwell" stories appeared weekly during the period from April 18, 1896, to February 6, 1915, in a magazine known as the "Tip Top Weekly," published by Street & Smith, and selling for 5 cents a copy. There were in all 986 stories published in that way, and each contained approximately 22,000 words. The average sales of the weekly were 100,000, and the total distribution for the entire period exceeded 98,-000,000 copies. In addition, the name "Frank Merriwell" was elaborately advertised and kept before the public by the publishers by means of circulars, booklets, display pictures, and prize contests; and it has been estimated that over $500,000 was expended for that purpose.

After 1915, the stories continued in book form, and were sold in paper covers for 10 cents each. There were over 250 of these paper-covered novels, and more than 25,000,-000 copies are stated to have been sold in that form. In some cases, also, there were cloth-

bound editions of certain of the novels, with approximate sales of 50,000 copies.

During the past three years, the plaintiff has been engaged in writing a pictorial strip called "Frank Merriwell's School Days" and "Frank Merriwell at Yale"; and this strip has appeared in over 200 daily newspapers throughout the country. The plaintiff has also broadcast recently the adventures of "Frank Merriwell" three times weekly over a number of radio stations. In addition, there have been countless newspaper and magazine articles relating to "Frank Merriwell" and the plaintiff's connection with the stories.

Since 1924, the plaintiff at various times has had under consideration the possibility of producing a series of "Frank Merriwell" motion pictures, but it was only during the past few months that negotiations were completed for the preparation of the script to be used in making such pictures; and in the Film Daily of March 9, 1934, there is a news item to the effect that "Frank Merriwell" would shortly be shown in motion pictures.

The motion pictures which the defendant is planning to exhibit or distribute are being produced under a written contract dated April 9, 1934, giving the defendant the exclusive distributing rights to the pictures throughout the world.

The plaintiff's copyrights do not cover the titles to the stories. Harper v. Ranous (C. C.) 67 F. 904; Glaser v. St. Elmo Co. (C. C.) 175 F. 276; National Picture Theatres, Inc., v. Foundation Corporation (C. C. A.) 266 F. 208; Warner Bros. Pictures v. Majestic Pictures Corporation (C. C. A.) 70 F.(2d) 310. But a name which has become descriptive, and is closely identified in the public mind with the work of a particular author, may not, during the life of the copyright, be used so as to mislead. National Picture Theatres, Inc., v. Foundation Corporation, supra; Paramore v. Mack Sennett, Inc. (D. C.) 9 F.(2d) 66. Nor may such a name be used even after the expiration of the copyright, unless adequate explanation is given to guard against mistake. G. & C. Merriam Co. v. Ogilvie (C. C. A.) 159 F. 638, 16 L. R. A. (N. S.) 549, 14 Ann. Cas. 796; Underhill v. Schenck, 238 N. Y. 7, 20, 143 N. E. 773, 3 A. L. R. 303. In the present case, the name "Frank Merriwell" has become associated in the public mind solely and exclusively with the plaintiff's authorship; it is a name which is highly descriptive of his work; and ordinary principles of unfair competition are peculiarly applicable.

It is, however, insisted by the defendant that its motion pictures will not in any way compete with the "Frank Merriwell Stories"; but the law of unfair competition does not rest on any such sterile foundation. Yale v. Robertson (C. C. A.) 26 F.(2d) 972; Wall v. Rolls-Royce (C. C. A.) 4 F.(2d) 333; Alfred Dunhill, Inc. v. Dunhill Shirt Shop (D C.) 3 F.Supp. 487. And as long as the plaintiff continues to hold the exclusive rights to dramatize by means of motion pictures (Kalem Co. v. Harper Bros., 222 U. S. 55, 32 S. Ct. 20, 56 L. Ed. 92, Ann. Cas. 1913A, 1285), he should be protected from the unauthorized use of the names "Frank Merriwell" and "Merriwell" by a prospective if not actual competitor.

The motion for a preliminary injunction is granted.