The complainant seeks a preliminary injunction restraining the defendant from using its trade name or trade-mark "Lackawanna" as part of the defendant company's name, or designation, in connection with the business of the defendant between certain points on the complainant's railroad lines and from using any imitation or simulation of said name in its business.
The complainant company was incorporated under the laws of the State of Pennsylvania in the year 1853 as a railroad *Page 386 
corporation, and is engaged in the transportation of freight and passengers in interstate and intrastate commerce in the States of Pennsylvania, New Jersey and New York. Its line extends generally from Jersey City and Hoboken in New Jersey, through Newark, the Oranges, Summit, Morristown and Dover; and through Paterson, Passaic and Boonton, to the Delaware river; and thence by way of Phillipsburg, New Jersey, and Easton, Water Gap and Stroudsburg, Pennsylvania, to Scranton, Pennsylvania; thence to Binghamton, Buffalo, Syracuse, Oswego and Utica, New York.
It also owns and operates in the State of Pennsylvania a line known as the Bloomsburg Branch, which extends westerly from Scranton through Wilkes Barre, Wyoming, Pittston, Olyphant, Old Forge, Luzerne, Kingston, Forty Fort, West Nanticoke, Berwick, Bloomsburg, Danville and Northumberland. It has operated its road from Scranton, Pennsylvania, to Hoboken and Jersey City in New Jersey since about 1870, and it has maintained freight stations in New York City to which freight is ferried from Hoboken and Jersey City by means of floats or lighters. It alleges that it has invested upwards of $300,000,000 in its transportation business, property and facilities and through expended effort it has gained a good reputation for business integrity and efficiency, and enjoys the confidence and good will of shippers and the public, especially in and about the localities traversed and served by its railroad. It is commonly known and called by the name "The Lackawanna." It has used this title to designate its railroad and transportation business for fifty years; and it has advertised the name extensively in connection with its business, and it claims it as a trade-mark.
It alleges that for more than thirty years it has used the name "Lackawanna" to designate certain special or joint transportation services which it offered and performed, either alone or in conjunction with other railroads; and that the name "Lackawanna" has been understood and accepted as its trade name, and is recognized as such and is so known to its patrons and shippers, and to the public. It states that *Page 387 
it has been identified with the following transportation agencies which uses the same name: Lackawanna Refrigerator Line, Lackawanna Dairy Despatch, Michigan Central-Lackawanna Fast Freight Line, Lake Shore-Lackawanna Fast Freight Line, Lackawanna-Grand Trunk Line.
It contends that the name "Lackawanna" has acquired a secondary significance and meaning in the transportation business within the area served by its system of railroads, and that it means "The Delaware, Lackawanna and Western Railroad Company;" and that it has acquired a property right in the name "Lackawanna" and the exclusive right to use it in the transportation business in the localities served by it.
The defendant is a New Jersey corporation operating motor freight lines between Newark and New York City, and between Newark and Scranton, Wilkes Barre, and points on the Bloomsburg Branch of the complainant's railroad. It was organized sometime in the year 1933, and has a place of business located at No. 61 East Runyon street, Newark, New Jersey. It advertises and solicits business in and about the metropolitan area, and in and about the points served by the complainant, including Scranton, Binghamton and Northumberland; and also in and about the points along the Bloomsburg Branch of the complainant's lines. It is actively competing with the complainant in the freight transportation business within the described areas. The defendant issues and publishes a tariff entitled "Lackawanna Motor Freight Lines Tariff No. 6, naming class and commodity rates (Subject to Change Without Notice) Between New York, N.Y., * * * Newark, N.J., and Vicinity and Scranton, Pa., * * * Wilkes Barre, Pa., and Points Listed on Page 3 Including Store Door Delivery, Governed, Except as Otherwise Provided Herein, by Rules and Regulations Prescribed in A.H. Greenley's Official Classification I.C.C. — O.C. No. 51 and Supplements Thereto. Receiving Stations New York, N.Y., Newark, N.J., Scranton, Pa., Issued July 15, 1933. Effective August 7, 1933. Issued by: Richard L. Otto, Vice President, 205 Murray Street, Newark, N.J." *Page 388 
The said tariff includes the places served by the complainant as follows: Bloomfield, New Jersey; Brooklyn, New York; Bronx, New York; Harrison, New Jersey; Hoboken, New Jersey; Jersey City, New Jersey; Long Island City, New York; Wilkes Barre, Pennsylvania; Scranton, Pennsylvania, Pittston, Pennsylvania; Olyphant, Pennsylvania; Old Forge, Pennsylvania; Nanticoke, Pennsylvania; Luzerne, Pennsylvania; Newark, New Jersey; New York, New York; Paterson, New Jersey; Wyoming, Pennsylvania; Kingston, Pennsylvania; Forty Fort, Pennsylvania; Dunmore, Pennsylvania; Binghamton, New York.
The name "Lackawanna" is printed in bold outstanding type at the top of the cover, or first page, of the said tariff publication; and it is made up in form, size and style in imitation or simulation of tariffs published by the complainant and appears almost to be a counterpart of it. There is also printed on the face or cover of said defendant's tariff the following:
"Governed, Except as Otherwise Provided Herein, By Rules and Regulations Prescribed in A.H. Greenley's Official Classification I.C.C. — O.C. No. 51 and Supplements Thereto."
The characters "I.C.C." above mentioned mean interstate commerce commission; the characters "O.C." mean official classification. It is charged that the defendant by the printed letters on the face, or cover, of its tariff, pretends, or intends to suggest the inference, that it is a member of, and party to, the official classification, and that its business is under the jurisdiction of and subject to control and regulation by the interstate commerce commission; whereas, in fact, the defendant is not a party to the official classification nor is it controlled or regulated by the interstate commerce commission. The complainant is a party to the official classification for which it pays an annual charge of $2,500; and it is subject to control and regulation by the interstate commerce commission.
The complainant's advertising for a long period of years, at least thirty years, has emphasized the word "Lackawanna" in outstanding type aside from its corporate or official name, *Page 389 
and that designation has become familiar to the public and to shippers as a trade name and it is associated with and refers to the complainant company. The defendant company's method of advertising its operations over a course practically the same as the complainant's, and its service at the same stations, and the form and content of its published tariffs, would indicate that the defendant company is associated or connected with the complainant; and, unquestionably, it is the defendant's intent and purpose to convey that impression. There is no doubt in my mind that its said procedure confuses many to the detriment of the complainant.
The defendant company states that it has been operating along the same lines for approximately six years and that during that time there has been no protest or objection raised by the complainant against its use of the term "Lackawanna;" and that the complainant has suffered no damage in consequence of such use; and that in making use of the name "Lackawanna" in its corporate title, it had no thought of fraud or deception. In order to obtain relief in the instant case, the complainant is not required to prove damage. The mere use of the name in such a way that it is calculated to confuse, and to deceive the public into the belief that the defendant's affairs are those of the complainant is sufficient; and a fraudulent intent need not necessarily be shown to invoke the aid of the court, the test being: Is the resemblance calculated to mislead or confuse, to the complainant's damage? Cape May Yacht Club v. Cape MayYacht and Country Club, 81 N.J. Eq. 454. In the case last cited, the principle was laid down that "the jurisdiction of courts of equity to prevent injury from infringement of trade names has been liberally exercised and applied in all circumstances whenever it appeared that the name was an established, distinctive and valuable adjunct to an undertaking, whether used to distinguish manufactured articles, a place of business, or a corporation, commercial, or one formed not for pecuniary gain." Other cases in point are: Van Horn v. Coogan, 52 N.J. Eq. 380;International Silver Co. v. Rogers, 67 N.J. Eq. 646; EurekaFire Hose Co. v. Eureka *Page 390 Rubber Manufacturing Co., 69 N.J. Eq. 159; affirmed, 71 N.J. Eq. 300; Wirtz v. Eagle Bottling Co., 50 N.J. Eq. 164; Chas. S.Merton Co. v. Percy Merton, Inc., 103 N.J. Eq. 380; AutoHearse Manufacturing Co. v. Bateman, 109 Atl. Rep. 735; DuroCo. v. Duro Co., 27 Fed. Rep. 2d 336; Alfred Dunhill ofLondon, Inc., v. Dunhill Shirt Shop, Inc., 3 F. Supp. 487;California Fruit Growers Exchange v. Sunkist Drinks, Inc.,Ibid. 496; Yale Electric Corp. v. Robertson, 26 Fed. Rep.
2d 972; Longs Hat Stores Corp. v. Longs Clothes, Inc.,224 App. Div. 497; Bush Terminal Co. v. Bush Terminal Trucking Co.,Inc., 123 Misc. 448; Yellow Cab Corporation of Rochester, NewYork, v. Morris Korpeck, 120 Misc. 499; Columbia GrammarSchool v. F. Arthur Clawson, 120 Misc. 841; B. Forman Co. v.Forman Manufacturing Co., Inc., 119 Misc. 87; Checker CabManufacturing Corp. v. Hugh Sweeney, 119 Misc. 780; AmericanClay Manufacturing Co. v. American Clay Manufacturing Co.,198 Pa. 189; Federal Securities Co. v. Federal Securities Corp.,129 Or. 375; 276 Pac. Rep. 1100; 66 A.L.R. 934, andAnnotations (at pp. 948 to 1033); Abbotts New York Digest,Trade-Marks and Trade Names, §§ 68 to 73; Charles BroadwayRouss, Inc., v. Winchester Co., 300 Fed. Rep. 706; William A.Rogers, Ltd., v. Majestic Products Corp., 23 Fed. Rep. 2d219; British-American Tobacco Co., Ltd., v. British-AmericanCigar Stores Co., 211 Fed. Rep. 933.
The right to relief is based upon the unfair use of the title and its employment to deceive, and the fraud consequent in its use.
It is argued by the defendant that the term "Lackawanna" is a geographical name, being the name of a county in the State of Pennsylvania, and that, therefore, such a name cannot be exclusively appropriated by the complainant. While the use of geographical names cannot ordinarily be monopolized in trade circles, still the purpose, the manner, the association, and its identification with the business of the complainant entitles the complainant to object to the manner of its use and demand protection from this court against the apparent deceptive practices and advertising of a poaching competitor. The courts have, in many instances, *Page 391 
looked with favor upon, and protected the use of geographical names in business. They are, in a sense, an indication to the public of the place of production, of manufacture, or of operation. Hopkins on Trade-Marks, §§ 65, 66 67. The use of the geographical name "Portland" was sustained by this court in the case of Van Horn v. Coogan, supra. Likewise the name "Cape May" was sustained by this court in the case of Cape MayYacht Club v. Cape May Yacht and Country Club, supra. Trappey
v. McIlhenny Co., 281 Fed. Rep. 23; McIlhenny Co. v. Bulliard,265 Fed. Rep. 705; McIlhenny Co. v. Gaidry, 253 Fed. Rep. 613;Manitou Springs Mineral Water Co. v. Schueler,239 Fed. Rep. 593; Scandinavia Belting Co. v. Asbestos and Rubber Works ofAmerica, Inc., 257 Fed. Rep. 937; Baglin v. Cusenier Co.,221 U.S. 580; Elgin National Watch Co. v. Illinois Watch Case Co.,179 U.S. 665. In the case of Bayuk Cigars, Inc., v. Fine,112 N.J. Eq. 166; affirmed, 114 N.J. Eq. 83, Vice-Chancellor Backes sustained the complainant's right to the use of the name "Philadelphia."
The attitude and conduct of the defendant in my opinion clearly indicates an intention to deceive the customers and patrons of the complainant, and consequently to gain at the expense of the complainant. Bayuk Cigars, Inc., v. Fine, supra.
"It is not necessary that one using a trade name which interferes with another's prior right, should have adopted such name with intent to deceive the public or injure that other. The consequence of the act of one so using the trade name, and not the motive for it, determines whether this court should interfere to protect the prior user in the custom, patronage and standing with the trade which he has built up by the use of his trade name." Polackoff v. Sunkin, 115 N.J. Eq. 134.
I feel that the use by the defendant of the name "Lackawanna," as indicated by the affidavits submitted herein, constitutes fraud, deceptive imitation and unfair competition against the complainant, and I shall, therefore, advise an order granting an interlocutory injunction as prayed for by the complainant. *Page 392