**HOUSEHOLD FINANCE CORPORATION v. GENERAL HOUSEHOLD CREDIT CORPORATION.**

Civil Action No. C–982.

District Court, D. New Jersey.

March 8, 1943.

Starr, Summerill & Lloyd, of Camden, N. J., by Alfred E. Driscoll, of Camden, N. J. (Floyd E. Britton, of Chicago, Ill., of counsel), for plaintiff.

Howard E. English, of Vineland, N. J. (Harry Shapiro, of Philadelphia, Pa., of counsel), for defendant.

AVIS, District Judge.

This action is instituted by plaintiff, a nation-wide small loan corporation, against defendant who operates a similar business within the State of New Jersey.

No motion for correction of name was made in the record, but I am quite sure

from the testimony that the name of defendant is "General Household Credit."

The testimony was taken before me, and the plaintiff in an unfair competition claim asks for injunction and damages against permitting the defendant to use the name, it does in conducting its business.

I find as facts:

(1) Household Finance Corporation was organized in the year 1925, under the laws of the State of Delaware.

(2) General Household Credit, the defendant, was incorporated in October, 1938, under the laws of the State of New Jersey.

(3) Household Finance Corporation and its predecessors in the business has conducted its affairs in various places in the United States and for some years at sundry places in New Jersey, having loaned large sums of money to various clients.

(4) General Household Credit after its incorporation has conducted its business at offices in Vineland, Cumberland County, and at Red Bank, Monmouth County, both in the State of New Jersey, and has loaned large sums of money in its restricted area.

(5) In New Jersey, both of these corporations are operating under the provisions of the statute relating to small loans, and are soliciting and handling the same kind of business.

(6) Household Finance Corporation is the party of greater opportunities, as it has many places in different States of the Union, whereas General Household Credit confines its business within the State of New Jersey.

(7) The testimony does not indicate in any conclusive manner that the defendant has willfully and intentionally used any portion of the name of plaintiff for the purpose of demonstrating an active fraud against plaintiff's name.

(8) It was quite clearly proven that the word "Household" is determined by plaintiff to be a word used throughout the United States to refer to its corporation, and that through advertisements and general knowledge the name may be, and has become, so identified with its corporation as to give it a secondary meaning as applied thereto, and especially in the business in which it is engaged.

(9) Certain witnesses were produced to give testimony, and employees also testi-

fied, as to the claimed confusion caused by the multiple use of the word "Household".

(10) The use of the word "Household" as applied to the business of plaintiff is of such a nature that it ought to be protected now from future interference in the conduct of its business.

(11) The result of my investigation satisfies me that the defendant ought to be restrained from future use of the word "Household" in its official title in the conduct of its business.

Upon this statement of facts the Court must look to the laws and decisions in the State of New Jersey to justify a decision. Its decisions are somewhat broader than those of other states and favor quite considerably the rights of a corporation or individual who first adopts a business name, or a form of package, or method of advertising.

It does not seem necessary that I should describe in detail the testimony which I have carefully read; the submitted newspaper advertisements, and the other evidences showing the method adopted by the parties to attract persons to become their clients.

The disposition of cases of this character appears to be quite clearly stated in the Court of Errors and Appeals in the case of Polackoff v. Sunkin, 115 N.J.Eq. 134, 169 A. 724, in which it is determined that—

■ (1) Where a trade name has acquired such significance in the minds of the public as applying to one's business, equity will restrain the use of a name so similar as to confuse and mislead the public, to the first user's injury;

■ (2) It is not necessary that the second user employing the name which interferes with another's prior right should have adopted such name with intent to deceive the public or injure the other. The consequences, and not the motive, are controlling;

■ The court held that the defendant had first used the name about which complaint was made, and he was entitled to retain it in his business places.

Many citations are set out in the opinion of the vice chancellor, which makes it unnecessary to call direct attention to the determination in the other cases.

One other case I desire to call to counsel's attention is Delaware, L. & W. R. R. Co. v. Lackawanna Motor Freight Lines,

Inc., 117 N.J.Eq. 385, 175 A. 905. It adopts the same principle set forth in the case of Polackoff v. Sunkin, supra.

It is my duty to follow these decisions.

Conclusions of law:

█ The plaintiff is entitled to an injunction which will restrain the defendant from the use of the name which he now uses containing the word "Household".

The question of damages may be called to the attention of the Court when the judgment is signed.